FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
#### (Northern Division)

2017 NOV 14  AM 10: 52

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | |
|---|---|
| STEVE NYAMIRA<br>86 Little Creek Lane<br>La Plata, MD 20646<br>Charles County | * <br> * <br> * |
| DOUGLAS OMINDE<br>13716 Harvest Glen Way<br>Germantown, MD 20874<br>Montgomery County | * <br> * <br> * |
| Plaintiffs, | * |
| v. | * |
| LITTLE KAMPALA SERVICES, LLC<br>d/b/a Little Kampala Bar & Grill<br>6410 Mccahill Drive<br>Laurel, MD 20707<br>Prince George's County | * <br> * <br> * |
| Serve Resident Agent:<br>Trudy Kaliisa-Ofwono<br>6410 McCahill Drive<br>Laurel, MD 20707 | * <br> * <br> * |
| TRUDY KALIISA-OFWONO<br>10110 N. Washington Blvd.<br>Laurel, Maryland 20723<br>Prince George's County | * <br> * |
| PAUL OFWONO<br>10110 N. Washington Blvd.<br>Laurel, Maryland 20723<br>Prince George's County | * <br> * <br> * |
| Defendants. | |

Civil Action No.: _____

DKC 17 CV 3379

JURY TRIAL REQUESTED

\* \* \* \* \* \* \* \* \*

## COMPLAINT FOR WAGES OWED

Plaintiffs, Steve Nyamira ("Mr. Nyamira") and Douglas Ominde ("Mr. Ominde") (referred to collectively as "Plaintiffs"), bring this lawsuit against their former employers, Defendants Little Kampala Services, LLC d/b/a Little Kampala Bar & Grill ("Little Kampala"), and its owners, Trudy Kaliisa-Ofwono ("Ms. Kaliisa-Ofwono") and her son, Paul Ofwono ("Mr. Ofwono") (referred to collectively as "Defendants"), because Defendants owe Plaintiffs unpaid wages, including unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL").

## FACTS

### PLAINTIFFS

1. Mr. Nyamira is an adult resident of the State of Maryland, Charles County.

2. Mr. Nyamira was hired by Defendants on approximately June 5, 2016.

3. From approximately June 5, 2016 until approximately January 12, 2017, Mr. Nyamira worked for Defendants as a manager and waiter at Little Kampala.

4. Mr. Nyamira was an hourly employee for Defendants.

5. Mr. Nyamira was not a salaried employee for Defendants.

6. Mr. Nyamira's employment with Defendants ended on or about January 12, 2017.

7. Mr. Ominde is an adult resident of the State of Maryland, Montgomery County.

8. Mr. Ominde was hired by Defendants on or about June 1, 2016.

9. From approximately June 1, 2016 until approximately August 31, 2016, Mr. Ominde worked for Defendants as a line cook and bartender at Little Kampala.

10. Mr. Ominde was as an hourly employee for Defendants.

11. Mr. Ominde was not a salaried employee for Defendants.

2

12. Both Plaintiffs were tipped employees, earning at least $30 a month in tips.

**DEFENDANTS**

13. Defendant Little Kampala Services LLC is a Maryland based, for-profit corporation, that operates the Little Kampala Bar & Grill, located at 10110 N. Washington Blvd., Laurel, Maryland 20723.

14. Defendant Little Kampala is owned and operated by the individual Defendants, Trudy Kaliisa-Ofwono and her son, Paul Ofwono.

15. Defendants engage in interstate commerce by Kampala the nature of their business activities.

16. At all times relevant, Defendant Kaliisa-Ofwono was Plaintiffs' employer because:

    a.  Defendant Kaliisa-Ofwono personally supervised the operation of Little Kampala, including working in the kitchen and helping manage the front of the restaurant.

    b.  Defendant Kaliisa-Ofwono set the manner and amount of pay for Defendants' employees, including Plaintiffs.

    c.  Defendant Kaliisa-Ofwono set the schedules for Defendants' employees, including Plaintiffs.

    d.  Defendant Kaliisa-Ofwono signed checks issued to Defendants' employees, including Plaintiffs.

    e.  Defendant Kaliisa-Ofwono supervised Defendants' employees, including Plaintiffs.

    f.  Defendant Kaliisa-Ofwono hired and fired Defendants' employees.

    g.  Defendant Kaliisa-Ofwono set the policies and procedures by which Defendants operated.

    h.  Defendant Kaliisa-Ofwono told Mr. Nyamira what items he needed to order for Little Kampala.

    i.  Defendant Kaliisa-Ofwono was Mr. Ominde's supervisor in the kitchen when he worked as a line cook.

17. At all times relevant, Defendant Ofwono was Plaintiffs' employer because:

    a.  Defendant Ofwono interviewed prospective employees for Defendants, including Plaintiffs.

    b.  Defendant Ofwono hired and fired employees for Defendants, including Plaintiffs.

    c.  Defendant Ofwono hired both Plaintiffs.

    d.  Defendant Ofwono set the manner and amount of pay for Defendants' employees, including Plaintiffs.

    e.  Defendant Ofwono set the schedules for Defendants' employees, including Plaintiffs.

    f.  Defendant Ofwono signed checks issued to Defendants' employees, including Plaintiffs.

    g.  Defendant Ofwono supervised Defendants' employees, including Plaintiffs.

    h.  Defendant Ofwono disciplined Defendants' employees, including Plaintiffs, including but not limited to if Plaintiffs were late to work.

    i.  Defendant Ofwono set the policies and procedures by which Defendants operated.

18. Defendants all shared control and supervision of the Plaintiffs.

19. Defendants all shared the power to hire and/or fire the Plaintiffs.

20. Defendants and Plaintiffs all worked in Little Kampala, which is owned and/or controlled by the Defendants.

4

21. The Defendants shared responsibility for functions governing Plaintiffs' employment, including but not limited to, controlling Plaintiffs' schedules, setting Plaintiffs' pay, directing Plaintiffs' work, disciplining Plaintiffs, and providing the materials Plaintiffs needed to perform their work.

22. At all times relevant, Defendants had an annual gross volume of at least $500,000 annually.

23. Defendants were Plaintiffs' joint and co-employers within the meaning of the terms of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, Labor & Employment, §3-401(b), and the MWPCL, Md. Ann. Code, Labor & Employment, §3-501.

24. Defendants are subject to the FLSA and the MWPCL for owed wages, including unpaid minimum wages and overtime wages.

25. Defendants are subject to the MWHL, for owed wages, including unpaid minimum wages.

26. Defendants employed Mr. Nyamira as their employee from on or about June 5, 2016 until on or about January 12, 2017.

27. Defendants employed Mr. Omide as their employee from on or about June 1, 2016 until on or about August 31, 2016.

28. Throughout Plaintiffs' employment with Defendants, Defendants failed to pay Plaintiffs the required minimum wage for all hours worked as required by the FLSA, 29 U.S.C. § 206 and the MWHL, Md. Ann. Code, Labor & Employment, §3-413.

29. Defendants regularly required Plaintiffs to work in excess of 40 hours per work week.

30. Although Plaintiffs were told they were going to be paid an hourly wage by Defendants, Defendants never paid Plaintiffs' any hourly wages.

31. Throughout Plaintiffs' employment with Defendants, Defendants failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular rates of pay for all overtime

5

hours worked in excess of 40 hours per work week as required by the FLSA, 29 U.S.C. §
207.

32. Upon information and belief, Defendants did not post and keep posted notices explaining
the requirements of the FLSA, as required by 29 C.F.R. § 516.4, or the MWHL, as required
by Md. Ann. Code, Labor & Employment, §3-423(b), in Little Kampala.

33. Defendants' failure to pay Plaintiffs all wages owed, including minimum wages and
overtime wages, was intentional and willful.

34. Defendants' failure to pay Plaintiffs all wages owed was not the result of a bona fide
dispute.

## FACTS RELATING TO FLSA AND WAGE VIOLATIONS UNDER MARYLAND LAW

### Mr. Nyamira:

35. Mr. Nyamira was hired by Defendants on approximately June 5, 2016 as the manager at
Little Kampala.

36. Defendant Ofwono interviewed and hired Mr. Nyamira.

37. Mr. Nyamira's regular schedule was:

   a. Tuesday through Thursday, 11:00 AM to 11:00 PM;

   b. Friday and Saturday, 11:00 AM to 3:00 AM; and

   c. Sunday, 12:00 PM to 12:00 AM.

38. Mr. Nyamira signed into Defendants' point of sale system on at the start and end of each
shift.

39. The Defendants' point of sale system logged Mr. Nyamira's start and end time for each
workday and also logged each sale Defendants made.

6

40. Upon information and belief, Defendants' point of sale system was operated by Cayan, LLC.

41. Mr. Nyamira regularly worked approximately 80 hours per week.

42. When Mr. Nyamira was hired, Defendant Ofwono told Mr. Nyamira that his hourly rate was $10 per hour; however, Defendants never paid Mr. Nyamira those wages..

43. In approximately August 2016, Defendants told  Mr. Nyamira  that his hourly rate was increased to$15 per hour; however, Defendants never paid Mr. Nyamira those wages..

44. Defendants told Mr. Nyamira that paychecks were issued on a bi-weekly basis; however, Defendants never issued Mr. Nyamira any paychecks.

45. When Mr. Nyamira was hired, Defendants never discussed a tip credit with him.

46. When Mr. Nyamira was hired, Defendants never informed him that his tips were counted toward Defendants' minimum wage obligation as a tip credit.

47. Defendants told Mr. Nyamira that he was an hourly employee, however, Defendants never paid Mr. Nyamira any hourly wages.

48. In addition to working as the manager at Little Kampala, Mr. Nyamira worked as a waiter.

49. As a waiter, Mr. Nyamira earned tips from Defendants' customers.

50. If a customer gave Mr. Nyamira a cash tip, Mr. Nyamira was allowed to keep the tip.

51. If a customer gave Mr. Nyamira a credit card tip, Defendants kept the credit card tip.

52. Accordingly, Mr. Nyamira was not allowed to keep 100% of all tips earned.

53. Defendants never paid Mr. Nyamira the required minimum wage for all hours worked while he was employed by Defendants, as required by the FLSA, 29 U.S.C. § 206 and the MWHL, Md. Ann. Code, Labor & Employment, §3-413.

54. Defendants never paid Mr. Nyamira overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked in excess of 40 hours per work week as required by the FLSA, 29 U.S.C. § 207.

55. On multiple occasions throughout his employment with Defendants, Mr. Nyamira requested that Defendants pay him his owed minimum and overtime wages. Defendants refused.

**Mr. Ominde:**

56. Mr. Ominde was hired by Defendants on approximately June 1, 2016 as a line cook and bar tender at Little Kampala.

57. Defendant Ofwono interviewed and hired Mr. Ominde.

58. Defendant Kaliisa-Ofwono was Mr. Ominde's supervisor when he worked in the kitchen as a line cook.

59. Mr. Ominde's regular schedule was:

   a. Tuesday through Thursday, 11:00 AM to 11:00 PM;

   b. Friday and Saturday, 11:00 AM to 2:00 AM; and

   c. Sunday, 12:00 PM to 12:00 AM.

60. Mr. Ominde signed into Defendants' point of sale system at the start and end of each shift.

61. The Defendants' point of sale system logged Mr. Ominde's start and end time for each workday and also logged each sale Defendants made.

62. Mr. Ominde regularly worked approximately 80 hours per week.

63. When Mr. Ominde was hired, Defendant Ofwono told Mr. Ominde that his hourly rate was $12 per hour by Defendants; however, Defendants never paid Mr. Ominde those wages..

64. Defendants told Mr. Ominde that paychecks were issued on a bi-weekly basis.

8

65. When Mr. Ominde was hired, Defendants never discussed a tip credit with him.

66. When Mr. Ominde was hired, Defendants never informed him that his tips were counted toward Defendants' minimum wage obligation as a tip credit.

67. Defendants told Mr. Ominde that he was an hourly employee earning an hourly wage for all hours worked for Defendants.

68. Defendants paid Mr. Ominde his first bi-weekly paycheck.

69. Defendants gave Mr. Ominde his second and third bi-weekly paychecks; however, Defendant Kaliisa-Ofwono told Mr. Ominde not to cash his second and third paychecks.

70. Mr. Ominde was never allowed to cash his second and third bi-weekly paychecks.

71. Defendants never paid Mr. Ominde his second and third bi-weekly paychecks as a result of directing him not to cash his second and third bi-weekly paychecks.

72. Except for Mr. Ominde's first bi-weekly paycheck, Defendants never paid Mr. Ominde any hourly wages.

73. In addition to working as a line cook, Mr. Ominde also worked as a bartender for Defendants.

74. As a bartender, Mr. Ominde earned tips from Defendants' customers.

75. If a customer gave Mr. Ominde a cash tip, Mr. Ominde was allowed to keep the tip.

76. If a customer gave Mr. Ominde a credit card tip, Defendants kept the credit card tip.

77. Accordingly, Mr. Ominde was not allowed to keep 100% of all tips earned.

78. On multiple occasions, Defendants required Mr. Ominde to use his own money to purchase items for Defendants, such as beer or liquor, for use by Defendants at Little Kampala.

79. Defendants did not reimburse Mr. Ominde when Defendants required Mr. Ominde to use his own money to purchase items for Defendants, for use at Little Kampala.

9

80. Except for his first bi-weekly paycheck, Defendants never paid Mr. Ominde the required minimum wage for all hours worked while he was employed by Defendants,= as required by the FLSA, 29 U.S.C. § 206 and the MWHL, Md. Ann. Code, Labor & Employment, §3-413.

81. Defendants never paid Mr. Ominde overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked in excess of 40 hours per work week as required by the FLSA, 29 U.S.C. § 207.

82. Plaintiffs satisfy all requirements for maintaining claims under the MWHL, the MWPCL, and the FLSA.

83. Defendants willfully and intentionally failed to pay Plaintiffs at the required minimum wage for all hours worked in as required by the FLSA, 29 U.S.C. § 206 and MWHL, Md. Ann. Code, Labor & Employment, §3-413.

84. Defendants willfully and intentionally failed to pay Plaintiffs at a rate of one and one-half times their regular rate of pay for all overtime hours worked over 40 hours in a work week as required by the FLSA, 29 U.S.C. § 207.

85. Defendants willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Plaintiffs all wages due for work that they performed prior to the termination of their employment, as required by the MWPCL, Labor and Employment § 3-505.

86. Defendants' practice of retaining credit card tips intended for Plaintiffs constituted unlawful deductions under MWPCL, Md. Ann. Code, Labor & Employment, §3-503.

87. Defendants' practice of failing to reimburse Mr. Ominde for purchases he made for Defendants' use, with his own money, constituted unlawful deductions under MWPCL,

Md. Ann. Code, Labor & Employment, §3-503.

88. Over two weeks have elapsed from the date on which the Defendants were required to have paid Plaintiffs all owed wages as required by the MWPCL, Labor and Employment § 3-507.2(a).

89. Defendants' failure to pay Plaintiffs all wages owed was not done in good faith and was willful.

90. Defendants' failure to pay Plaintiffs all wages owed was not the result of a bona fide dispute.

91. Defendants willfully and intentionally violated the FLSA, 29 U.S.C. § 203(m) and 29 CFR § 531.52 by retaining credit card tips paid to the Plaintiffs by Defendants' customers.

92. Upon information and belief, Defendants did not seek the advice and counsel of an attorney knowledgeable about the requirements of the FLSA, MWHL, or MWPCL prior to deciding not to pay Plaintiffs all owed wages for all hours worked, including minimum wages and overtime wages.

## JURISDICTION AND VENUE

93. The jurisdiction of this Court is invoked due to the asserted violation of a federal statute and pursuant to 28 U.S.C. § 1331.

94. Venue is appropriate in this jurisdiction because the unlawful events occurred in this district.

## VIOLATIONS OF LAW

### COUNT I – VIOLATIONS OF THE MARYLAND WAGE AND HOUR LAW, FAILURE TO PAY THE REQUIRED MINIMUM WAGE

95. All allegations of the Complaint are expressly incorporated herein.

11

96. Defendants willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Plaintiffs the required minimum wage for all hours worked as required by the MWHL, Md. Ann. Code, Labor & Employment, §3-413.

97. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived minimum wages in amounts to be determined at trial and are entitled to recovery of such amounts, plus liquidated damages, attorney's fees, and costs.

98. There is no bona fide dispute that Plaintiffs are owed the requested wages.

99. Relief requested - Plaintiffs request that: (a) Defendants be ordered to pay them all minimum wages owed for all hours worked; (b) that Plaintiffs be awarded an additional amount of liquidated damages; (c) that Plaintiffs be awarded pre- and post- judgment interest; and (d) that Plaintiffs be awarded their attorney's fees and costs.

## COUNT II – VIOLATIONS OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW FOR UNLAWFUL DEDUCTIONS & FAILURE TO TIMELY PAY ALL WAGES DUE

100. All allegations of the Complaint are expressly incorporated herein.

101. Throughout Plaintiffs' employment with Defendants, Defendants subjected Plaintiffs to unlawful deductions from their wages by retaining Plaintiffs' credit card tips and failing to reimburse Mr. Ominde for purchases made for Defendants with his own money, in violation of MWPCL, Md. Code Ann., Labor & Empl. § 3-503.

102. Defendants also refused to timely pay Plaintiffs all minimum wages due, in violation of the MWPCL, Md. Code Ann., Labor & Empl. §§ 3-502 and 3-505.

103. Mr. Nyamira's employment with Defendants ended on or about January 12, 2017.

104. Mr. Ominde's employment with Defendants ended on or about August 31, 2016.

105. Defendants have not paid Plaintiffs all of their owed wages, including minimum wages.

106. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendants were

12

obligated to pay Plaintiffs for all wages earned on a regular basis, including all minimum wages.

107. Defendants' actions in failing to pay Plaintiffs all minimum wages owed for all hours worked were willful violations of the MWPCL.

108. Over two weeks have elapsed from the date on which the Defendants were required to have paid Plaintiffs all owed wages as required by the MWPCL, Md. Code Ann., Labor & Empl. § 3- 507.2(a).

109. There is no bona fide dispute as to the wages owed to Plaintiffs.

110. Relief requested - Plaintiffs request that: (a) Defendants be ordered to pay them all owed wages including minimum wages; (b) Defendants be ordered to pay them all improperly deducted wages; (c) Plaintiffs be awarded treble damages; (d) that Plaintiffs be awarded pre- and post- judgment interest; and (e) Plaintiffs be awarded their attorney's fees and costs.

## COUNT III – FLSA CLAIM FOR OWED MINIMUM WAGES

111. All allegations of the Complaint are expressly incorporated herein.

112. Plaintiffs are entitled to minimum wages under the FLSA, 29 U.S.C. § 206.

113. Defendants violated the provisions of the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs the required minimum wage for all hours worked per work week, as required by the FLSA, 29 U.S.C. § 206.

114. By reason of the aforesaid violations of the FLSA, Defendants are liable to Plaintiffs in an amount equal to the unpaid minimum wages, unpaid penalties/liquidated damages, all other applicable penalties, attorney's fees and costs, and pre- and post- judgment interest.

115. Relief requested - Plaintiffs request that: (a) Defendants be ordered to pay them all

minimum wages for all hours worked; (b) liquidated damages be assessed against the Defendants; (c) Plaintiffs be awarded pre- and post- judgment interest; and (d) Plaintiffs be awarded their attorney's fees and costs. In addition, Plaintiffs requests that an Order be issued enjoining Defendants to comply with the FLSA.

## COUNT IV – FLSA CLAIM FOR OWED OVERTIME WAGES

116. All allegations of the Complaint are expressly incorporated herein.

117. Plaintiffs were hourly, non-exempt employees, entitled to overtime pay under the FLSA, 29 U.S.C. § 207.

118. Plaintiffs were never salaried employees for Defendants.

119. Plaintiffs were never to be paid as salaried employees for Defendants.

120. Defendants violated the provisions of the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs any overtime wages at a rate of one and one-half times their regular rate of pay for all overtime hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. § 207.

121. By reason of the aforesaid violations of the FLSA, Defendants are liable to Plaintiffs in an amount equal to the unpaid overtime, unpaid overtime penalties/liquidated damages, all other applicable penalties, attorney's fees and costs, and pre- and post- judgment interest.

122. Relief requested - Plaintiffs request that: (a) Defendants be ordered to pay Plaintiffs all overtime wages owed for all overtime hours worked; (b) liquidated damages be assessed against the Defendants; (c) Plaintiffs be awarded pre- and post- judgment interest; and (d) Plaintiffs be awarded their attorney's fees and costs. In addition, Plaintiffs request that an Order be issued enjoining Defendants to comply with the FLSA.

14

**COUNT V – FLSA CLAIM FOR IMPROPERLY WITHHELD TIPS**

123. All allegations of the Complaint are expressly incorporated herein.

124. Defendants willfully and intentionally violated the FLSA, 29 U.S.C. § 203(m) and 29 CFR § 531.52 by unlawfully retaining Plaintiffs' credit card tips while Plaintiffs were working as waiters and/or bartenders for Defendants.

125. Relief requested - Plaintiffs request that: (a) Defendants be ordered to pay them all improperly withheld tipped wages; (b) Plaintiffs be awarded liquidated damages; (c) that Plaintiffs be awarded pre- and post- judgment interest; and (d) Plaintiffs be awarded their attorney's fees and costs.

Respectfully submitted,

Stephen Lebau, Bar #07258
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1203
fax. 410.296.8660
sl@joblaws.net

Devan M. Wang, Bar #30211
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1207
fax. 410.296.8660
dw@joblaws.net

*Attorneys for the Plaintiffs*

## **REQUEST FOR JURY TRIAL**

Plaintiffs request that a jury of their peers hear and decide all of the claims asserted in this Complaint.

Devan M. Wang, #30211