IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVE NYAMIRA, et al.          :

   v.                          :   Civil Action No. DKC 17-3379

LITTLE KAMPALA SERVICES, LLC,  :
et al.                         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiffs Steve Nyamira and Douglas Ominde ("Plaintiffs") motion to compel. (ECF No. 20). For the following reasons, the motion will be granted.

Plaintiffs sent Defendants Little Kampala Services, LLC, Trudy Kaliisa-Ofwono, and Paul Ofwono ("Defendants") interrogatories and requests for production of documents on January 31, 2018. On April 19, Plaintiffs sent Defendants a letter, via U.S. First Class Mail, and an email setting forth their objections to Defendants' responses to discovery. The letter requested that Defendants contact Plaintiffs by April 26 to discuss the discovery disputes. (ECF No. 20-1). On April 27, because Defendants refused to respond, Plaintiffs served Defendants with a motion to compel. (ECF No. 20-2). Defendants did not respond to Plaintiffs' motion to compel. On May 11, Plaintiffs sent Defendants an email to remind them that the

completed responses were due that day. (ECF No. 20-3). Defendants did not respond to the email. On May 14, Plaintiffs called Defendants concerning the status of their responses to the Motion to Compel. Defendants informed Plaintiffs that he was sick, and Plaintiffs agreed to extend the deadline for a response to the motion to compel until May 19. (ECF No. 20-4).

Defendants did not file a Response to the Motion to Compel by May 19, 2018. On May 21, Plaintiffs sent Defendants an email informing them that Plaintiffs would seek Court relief if Defendants did not respond. (ECF No. 20-5). Defendants did not respond. On May 22, Plaintiffs moved to compel Defendants to provide complete discovery responses. (ECF No. 20).

## I. Discovery Standards

Pursuant to Fed.R.Civ.P 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" A party can obtain discovery from an opposing party by serving an interrogatory. An interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3). If a party has an objection, the party must specifically state the grounds. Rule 33(b)(4). Any ground not specifically "stated in a timely objection is waived[.]" *Id.*

Parties can also obtain discovery by requesting that the opposing party produce documents or allow documents to be inspected. Fed.R.Civ.P. 34. Under Rule 34, once one party requests the production of a document, the other party must respond either by producing the document, allowing its inspection, or objecting to the production. Under Rule 34, "An objection must state whether any responsive materials are being withheld on the basis of that objection." When documents are produced, the producing party "must organize and label them to correspond to the categories in the request[.]" Rule 34(b)(2)(E)(i).

**II. Analysis**

Each Plaintiff's first interrogatory to each Defendant was identical. Interrogatory No. 1 requests all facts and identification of all documents that support Defendants' affirmative defenses and denials. In response, regarding both Plaintiff Nyamira and Plaintiff Ominde, Defendants stated that Plaintiffs "ha[ve] been paid all wages earned by him at Little Kampala[,]" and "Defendants Kaliissa-Ofwono and Paul Ofwono . . . were merely acting as agents for a disclosed principal, Little Kampala." (ECF No. 20-2, at 6). Defendants did not provide facts to support their affirmative defenses and did not specifically identify responding documents. Instead, Defendants stated, "Relevant documents are attached to Little Kampala's

3

Response to Production" without identifying which documents are responsive to this particular interrogatory. (*Id.*). Defendants did not provide a complete answer to Interrogatory No. 1 and must do so.

Each Plaintiff's third interrogatory to Defendant Little Kampala and second interrogatory to Defendants Kaliisa-Ofwono and Ofwono were identical. These interrogatories stated that if Defendants do not have in their custody or control any of the specific documents requested, they must identify who has current custody or control over the document, provide an explanation why Defendants are no longer in control, and state the date that Defendants surrendered custody. Defendants provided identical responses, stating "All documents in custody, control or possession of Defendant are attached to Defendant's Response to Requests for Production." (ECF No. 20-2, at 19).

Each Plaintiff's seventh interrogatory to Defendant Little Kampala was identical. Interrogatory No. 7 requests all facts and identification of all documents evidencing the hours worked by each Plaintiff, each Plaintiff's hourly pay rate, and each Plaintiff's total pay received each work week. Defendant Little Kampala provided identical responses for each Plaintiff, stating "See attached documents in Defendant's Response to Requests for Production." (ECF No. 20-2, at 8). Defendant Little Kampala did not provide any narrative in response to Plaintiffs' request

4

and did not identify which specific documents are responsive. Defendant Little Kampala did not provide a complete answer to Interrogatory No. 7 and must do so.

Each Plaintiff's eighth interrogatory to Defendant Little Kampala was identical. Interrogatory No. 8 requests a detailed explanation and identification of all relevant documents relating to Defendant Little Kampala's policies for recording, tracking, and monitoring Plaintiffs' hours worked. In response, Defendant Little Kampala stated that each Plaintiff was "responsible for clock[ing] in [and clocking] out of shifts worked. All times are recorded by [the] POS system." (ECF No. 20-2, at 8). This is not a complete answer. Defendant Little Kampala did not identify which specific documents are responsive. Defendant Little Kampala must provide a complete answer to Interrogatory No. 8.

Each Plaintiff's ninth interrogatory to Defendant Little Kampala was identical. Interrogatory No. 9 requests a detailed description and identification of all relevant documents relating to any technology that Defendant used during the applicable time period. In response, Defendant Little Kampala identified the POS system and stated that "Shifts worked and goods sold were recorded." (ECF No. 20-2, at 8). This response does not provide the details that Plaintiffs request. Defendant Little Kampala did not identify which specific documents are

5

responsive. Defendant Little Kampala did not provide a complete answer to Interrogatory No. 9 and must do so.

Each Plaintiff's fifteenth interrogatory to Little Kampala was identical. Interrogatory No. 15 requests, for every day that each Plaintiff worked for Defendant, the amount of tips each Plaintiff earned, and any responsive documents. In response to Plaintiff Nyamira, Defendant Little Kampala stated that "All tips were paid in cash to [Nyamira] at the end of each shift." (ECF No. 20-2, at 13). This response did not provide the information that Plaintiffs sought. Defendant Little Kampala did not identify particular responsive documents. In response to Plaintiff Ominde, Defendant Little Kampala stated "See #5." (*Id.*). Defendant Little Kampala did not provide a complete answer to either Plaintiff's Interrogatory No. 15 and must do so.

Each Plaintiff's sixteenth interrogatory to Little Kampala was identical. Interrogatory No. 16 requests, if Defendant alleges there is a bona fide dispute to any of Plaintiffs' claims for unpaid wages, a detailed statement of all facts supporting the belief and identification of all supporting documents. In response, regarding Plaintiff Nyamira, Defendant Little Kampala stated that Plaintiff Nyamira "is not owed any wages. Rather, [Nyamira] is gaming the system trying to extort [money] from [Little Kampala] after claiming workers'

6

compensation." (ECF No. 20-2, at 13). Defendant Little Kampala did not provide any support for its statement or facts demonstrating that all wages were paid. Defendant Little Kampala also stated that Plaintiff Ominde "is not owed any wages" without providing any specific support. (*Id.*). Moreover, Defendant Little Kampala did not explicitly state which documents are responsive to the requests from either Plaintiff. Defendant Little Kampala must explicitly state which documents are responsive to these requests.

In response to each of the requests for production, Defendants provided identical answers stating "Subject to the general objections, see attached documents numbered P1 through P27." (ECF No. 20-2, at 6). Defendants did not state which documents are responsive to each particular request and did not state whether particular documents were withheld from production. This leaves Plaintiffs guessing as to which documents are responsive to each request and whether responsive documents were withheld. If applicable, for each request, Defendants must explicitly state that all responsive documents have been produced. Accordingly, Defendants must provide complete answers which identify specific documents for each of Plaintiffs' request for production.

**III. Conclusion**

For the forgoing reasons, the Motion to Compel filed by Plaintiffs Steve Nyamira and Douglas Ominde will be granted. A separate order will follow.

                                                /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge